1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MYRA JACKSON,

        Plaintiff,

    v.

FEDERAL EXPRESS,

        Defendant.

_____/

No. C 05-04461 JSW

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

    On January 20, 2006, this matter came before the Court for a hearing on Defendant Federal Express' ("Federal Express") motion to dismiss Plaintiff Myra Jackson's ("Ms. Jackson") complaint. Ms. Jackson filed an opposition to the motion, but did not appear at the hearing.

    Ms. Jackson alleges that in terminating her employment, Federal Express discriminated against her on the basis of her race, gender and disability. (Compl., ¶ 5.) According to her complaint, the alleged discrimination occurred on or about December 4, 2004. (*Id.*, ¶ 7.) Ms. Jackson filed charges with California Department of Fair Employment and Housing on June 3, 2005. (*Id.*, ¶ 7, Att. 3.) The Equal Employment Opportunity Commission issued a right to sue letter on July 25, 2005, which Ms. Jackson received on August 3, 2005. (*Id.*, ¶ 9, Att. 2; Declaration of Myra Jackson, ¶ 2.) Ms. Jackson filed the instant Complaint on November 2, 2005.

    Federal Express's motion moved to dismiss pursuant to Rule 12(b)(6) on December 9, 2005, asserting that Ms. Jackson's claims are time barred. A plaintiff seeking to bring a civil action for employment discrimination pursuant to Title VII must file a complaint within 90 days

United States District Court

For the Northern District of California

1   of receiving a right to sue letter from the EEOC. 42 U.S.C. § 2000e(f)(1); *see also Scholar v.*

2   *Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992). This ninety day period operates as a statute of

3   limitations. *Id.* As such, it is subject to the doctrine of equitable tolling. *Id.*

4      It is undisputed that Ms. Jackson received her right to sue letter on August 3, 2005. Her

5   Complaint was filed on November 2, 2005, 91 days after she received the right to sue letter. In

6   her opposition, Ms. Jackson contended that her Complaint was timely filed because September

7   5, 2005 was a federal holiday. The Court is not persuaded by this argument, because the Ninth

8   Circuit has relied on Federal Rule of Civil Procedure 6(a) to calculate the relevant time for the

9   running of statutes of limitations. *See, e.g., Hart v. United States*, 817 F.2d 78, 80 (9th Cir.

10   1987). Under that rule, weekends and holidays are not included in the calculation of the time

11   period only when the time period in question is less than eleven days. Fed. R. Civ. P. 6(a). As

12   such, unless there are grounds to equitably toll the 90 day period, Ms. Jackson's complaint must

13   be dismissed.

14      "The equitable tolling doctrine has been applied by the Supreme Court in certain

15   circumstances, but it has been applied sparingly." *Scholar*, 963 F.2d at 267. By way of

16   example, the doctrine has been applied to excuse an untimely filing when "the statute of

17   limitations was not complied with because of defective pleadings, when a claimant was tricked

18   by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory

19   period was inadequate." *Id.* at 268. Courts have not applied the doctrine when a litigant fails to

20   exercise due diligence or in cases where a litigant pleads excusable neglect. *See, e.g., Irwin v.*

21   *Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) (doctrine will not be applied to cases

22   involving garden variety excusable neglect); *Scholar*, 963 F.2d at 263-64 (upholding dismissal

23   of Title VII claim as untimely when complaint was filed three days after 90 day limitations

24   period expired and where plaintiff explained she had not received right to sue letter until some

25   time after it arrived at her home and had been signed for by her daughter and offered no other

26   basis for failing to file complaint within statutory limitations period).

27      On the record currently before the Court, the Court could not find a basis to equitably

28   toll the limitations period. Accordingly, because Ms. Jackson is proceeding pro se and did not

1  appear at the hearing, the Court shall afford Ms. Jackson one last opportunity to respond to

2  Defendant's motion.

3      Ms. Jackson is HEREBY ORDERED TO SHOW CAUSE why this case should not be

4  dismissed as untimely.  Ms. Jackson shall file a written response to this Order by no later than

5  February 10, 2006.  Federal Express may file a reply to Ms. Jackson's response by no later than

6  February 17, 2006.  The Court will then take the matter under submission.

7      If Ms. Jackson fails to comply with this Order, the Court shall resolve the merits of

8  Defendant's motion and rule accordingly.

9      **IT IS SO ORDERED.**

10  Dated:  January 23, 2006

                                             _Jeffrey S. White_

11                                JEFFREY S. WHITE
                                UNITED STATES DISTRICT JUDGE

**United States District Court**

For the Northern District of California