1

2

3

4

5

6                         IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    MYRA JACKSON,

10            Plaintiff,                                No. C 05-04461 JSW

11       v.                                             **ORDER GRANTING MOTION TO
                                                        DISMISS WITH LEAVE TO**
12   FEDERAL EXPRESS,                                   **AMEND**

13            Defendant.

14   _____/

15          On January 20, 2006, this matter came before the Court for a hearing on Defendant

16   Federal Express' ("Federal Express") motion to dismiss Plaintiff Myra Jackson's ("Ms.

17   Jackson") complaint.  Ms. Jackson filed an opposition to the motion, but did not appear at the

18   hearing.  On January 23, 2006, this Court issued an Order to Show Cause directed to Ms.

19   Jackson to show cause by February 10, 2006, as to why her case should not be dismissed as

20   untimely.

21          Ms. Jackson has not responded to the Court's Order to Show Cause.  Accordingly,

22   pursuant to the terms of that Order, the Court has taken the Defendant's motion under

23   submission and hereby GRANTS the motion.  The ruling is without prejudice to Ms. Jackson

24   filing an amended complaint in accordance with the terms of this Order.  If Ms. Jackson fails to

25   file an amended complaint by March 13, 2006, the Court shall issue an Order dismissing the

26   case with prejudice.

27   //

28   //

*United States District Court*

*For the Northern District of California*

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FACTUAL BACKGROUND

Ms. Jackson alleges that in terminating her employment, Federal Express discriminated against her on the basis of her race, gender and disability. (Compl. ¶ 5.)  According to her complaint, the alleged discrimination occurred on or about December 4, 2004.  (*Id.* ¶ 7.)  Ms. Jackson filed charges with California Department of Fair Employment and Housing on June 3, 2005.  (*Id.* ¶ 7, Att. 3.)  The Equal Employment Opportunity Commission issued a right to sue letter on July 25, 2005, which Ms. Jackson received on August 3, 2005.  (*Id.* ¶ 9, Att. 2.)  Ms. Jackson filed the instant Complaint on November 2, 2005.

Federal Express's motion moved to dismiss pursuant to Rule 12(b)(6) on December 9, 2005, asserting that Ms. Jackson's claims are time barred.

## ANALYSIS

### A.      Legal Standards for Motion to Dismiss Under Rule 12(b)(6).

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  A statute of limitations defense may be raised by a motion to dismiss where, as here, the running of the applicable limitations period is apparent on the face of the complaint.  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.  *Cleggy v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### B.      Ms. Jackson's Claims are Time Barred.

A plaintiff seeking to bring a civil action for employment discrimination pursuant to Title VII must file a complaint within 90 days of receiving a right to sue letter from the EEOC.

**United States District Court**

**For the Northern District of California**

1  42 U.S.C. § 2000e(f)(1); *see also Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992).

2  This ninety day period operates as a statute of limitations.  *Id.*  As such, it is subject to the

3  doctrine of equitable tolling.  *Id.*

4        It is undisputed that Ms. Jackson received her right to sue letter on August 3, 2005.  Her

5  Complaint was filed on November 2, 2005, 91 days after she received the right to sue letter.

6  Ms. Jackson's contention that her Complaint was timely filed because September 5, 2005 was a

7  federal holiday is without merit.  Pursuant to Federal Rule of Civil Procedure 6(a), weekends

8  and holidays *are* included in the calculation of the time period in which an action must be taken.

9  *See, e.g., Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987) (using Rule 6(a) to calculate

10  running of statute of limitations).  As such, unless there are grounds to equitably toll the 90 day

11  period, Ms. Jackson's complaint must be dismissed.

12       **C.**     **On this Record, There Are No Grounds to Toll the Complaint.**

13       "The equitable tolling doctrine has been applied by the Supreme Court in certain

14  circumstances, but it has been applied sparingly."  *Scholar*, 963 F.2d at 267.  By way of

15  example, the doctrine has been applied to excuse an untimely filing when "the statute of

16  limitations was not complied with because of defective pleadings, when a claimant was tricked

17  by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory

18  period was inadequate."  *Id.* at 268.  Courts have not applied the doctrine when a litigant fails to

19  exercise due diligence or in cases where a litigant pleads excusable neglect.  *See, e.g., Irwin v.*

20  *Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) (doctrine will not be applied to cases

21  involving garden variety excusable neglect); *Scholar,* 963 F.2d at 263-64 (upholding dismissal

22  of Title VII claim as untimely when complaint was filed three days after 90 day limitations

23  period expired and where plaintiff explained she had not received right to sue letter until some

24  time after it arrived at her home and had been signed for by her daughter and offered no other

25  basis for failing to file complaint within statutory limitations period).

26       Ms. Jackson's opposition to the motion to dismiss provided no basis on which to

27  conclude equitable tolling would apply.  Because Ms. Jackson did not appear at the hearing, the

28  Court granted her a further opportunity to respond by way of its Order to Show Cause.  Having

**United States District Court**

For the Northern District of California

1    failed to respond to that Order, there is nothing in the record on which the Court could find a

2    basis to equitably toll the limitations period.

3            Accordingly, Defendant's motion is GRANTED.  However, given the state of the record,

4    the Court cannot conclude that there are no facts on which Ms. Jackson could state a claim.

5    Accordingly, this ruling is without prejudice to Ms. Jackson filing an amended complaint

6    pleading facts showing that the statute of limitations should be equitably tolled.  Ms. Jackson

7    shall file any such amended complaint by March 13, 2006.  Because Ms. Jackson has not

8    demonstrated diligence in prosecuting her case, having failed to appear at the hearing on

9    Defendants' motion and having failed to respond to the Court's Order to Show Cause, the Court

10   shall construe a failure to file an amended complaint as a concession that no grounds for

11   equitable tolling exist.  If the deadline for filing an amended complaint passes without such a

12   filing, the Court shall enter an order dismissing the case with prejudice.

13           **IT IS SO ORDERED.**

Dated:  February 27, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4